MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Robert P. to his daughter, Nicole A., now three and one half years old. Nicole was placed in foster care shortly after her birth, given the prior history of referrals from her family to the Department of Children and Families, hereafter the "Department". Nicole was adjudicated neglected on September 27, 1994 (Clifford, J.) and committed to the care and custody of the Department. She remains with the second foster family in whose care she was placed as an infant.
The Department seeks this termination on the grounds that Nicole was previously adjudicated neglected and that her father has failed to achieve such degree of personal rehabilitation as would encourage the belief that, within a reasonable time, considering the age and needs of the child, he could assume a responsible position in her life. Connecticut General Statutes § 17a-112 (c)(3)(B). Her mother consented to the termination of her parental rights to Nicole and a termination was granted by the Superior Court for Juvenile Matters on August 22, 1995.
The court finds that the respondent father was duly served, has appeared and has court appointed counsel. Robert P. did not, appear at trial, tough his counsel amended. The court finds from the evidence and the representations of counsel that Robert P. had notice of the trial date as well as the consequences of his failure to appear before the court. The court further finds that there are no other pending proceedings effecting the custody of Nicole. The court, having reviewed the verified petition, the social study, and having heard the testimony of Michael T. Taylor, the Department social worker, makes the following factual findings and reasonable inferences supported by those findings: CT Page 926
Robert P. had an alternately calm and stable to chaotic and turbulent relationship with the child's mother, Dawn T. He was arrested on numerous occasions for domestic violence, because of the verbal and physical altercations the couple had. Their relationship ended in 1994. Nicole is the acknowledged child of this relationship.
Robert P. has an extensive history of drug and alcohol addiction and has participated in many in- and out-patient treatment programs, all to no avail. Most recently, he was admitted in June of 1996 to ADCARE, an inpatient substance abuse facility, after he tested positive for cocaine. After completing the course of treatment there, he has continued to use cocaine. The Department has offered him many services; visitation, visitation assistance, substance abuse evaluations, parenting classes and psychological evaluations.
He has an extensive criminal record, commencing with an arrest in 1982, when he was twenty years old. He is presently married and has one child of this marriage. He is unemployed and not receiving any state or federal assistance. In the spring of 1997, he was arrested for assault in the third degree and disorderly conduct relating to an argument with his wife because he was once again buying cocaine.
The primary condition for reunifying with his daughter, Nicole, has been his participation in substance abuse counseling and attendance at AA or NA meetings. While he has sporadically complied and attended, he did not do so reliably and has continued to deny his substance abuse. Since February 4, 1997, he has only visited with his daughter on two occasions as he has refused to attend NA meetings, a present condition of his continued visitation.
He has had visitation with his daughter since her placement. In 1994 and 1995, that visitation was at times supervised by his present wife and at times in the Department offices. He has not been consistent with visitation, often not coming when visitation did not suit his schedule. While he regularly has expressed his concern and love for his daughter, he has been unable to change his conduct and address his significant substance abuse problem in order to begin to be able to address his child's needs.
Nicole remains in the second foster care placement since her birth. She was removed from her parents on June 22, 1994, five CT Page 927 days after her birth. She has adjusted well to her present foster care placement and is a happy and healthy child. She is active and demands a good deal of attention and has established a close and trusting relationship with her foster family. She has been in foster-care all her life and needs now, at age three and one half, to know that she can have permanency.
ADJUDICATION
The court finds, by clear and convincing evidence, that as of June 11, 1997, Robert P. had failed to achieve such a degree of personal rehabilitation as would encourage the belief that within reasonable time, considering the age and needs of his child, he could assume a responsible position in her life. Connecticut General Statutes § 17a-112 (c)(3)(B). Robert P. has failed to take the necessary steps to deal with his substance abuse addiction and cannot be said to even have begun the process of drug rehabilitation to be able to regularly visit his child, let alone be rehabilitated as a parent. Nicole A. was adjudicated neglected on September 27, 1994. More than three years have already passed since that date. She cannot wait any longer for the rehabilitation of her father, who demonstrated by his past conduct that he cannot rehabilitate to the point where he could care for her. This child, as do all children, has immediate and strong needs for permanency.
"`Personal rehabilitation' as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent." In re Migdalia M. 6 Conn. App. 194,203, 504 A.2d 532 (1986). See also: In re Juvenile Appeal,1 Conn. App. 463, 477, 473 A.2d 795, cert. denied, 193 Conn. 802,474 A.2d 1259 (1984). Robert P. has not yet begun the process to accomplish such an outcome. Rehabilitation within the foreseeable future is not likely. The court finds, based on the clear and convincing evidence, this ground had existed for substantially longer than one year prior to the filing of the petition.
REQUIRED FINDINGS
The court makes the following factual findings based upon the clear and convincing evidence required by § 17a-112 (e):
1) Appropriate and timely services were provided by the Department of Children and Families, including parenting classes, counseling, drug and alcohol treatment referrals, transportation CT Page 928 assistance, and visitation coordination. The services offered were extensive.
2) The court finds by clear and convincing evidence that the Department of children and Families made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. There were repeated efforts made and the father received ongoing and significant services for reunification, but could not begin to take the steps necessary to rehabilitate himself with any level of success.
3) The Department set reasonable and realistic goals in the expectations ordered for the father who was unable to remain drug free for any period of time. He was unable to benefit to any degree from the programs he attended.
4) The feelings and emotional ties of the child with respect to the parents, any guardian of the person and any person who has exercised physical care, custody and control of the child for at least one year and with whom the child has developed significant emotional ties. Nicole knows her father. Her mother's rights were terminated several years ago. Nonetheless, the drug addicted state of her father prevents a relationship which can benefit her. She is bonded to her foster family, who has provided her with the only stable home she has known.
5) Finding regarding the age of the child. Nicole is three and one half years old.
6) Finding regarding efforts of the parent to adjust his circumstances, conduct or conditions to make it in the best interests of the child to return her to his home in the foreseeable future and (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided that the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communications with the guardian or other custodian of the child. Robert P. has made only minimal efforts to rid himself of his substance abuse addiction. His contact with his daughter has been variable. He has been unable, as previously found, to adjust his conduct to make a return of the child to him feasible.
7) Finding regarding the prevention of the parent from having a meaningful relationship etc. No inappropriate conduct is noted. CT Page 929 The Department has taken many steps to encourage Robert P. to have a meaningful relationship with Nicole.
DISPOSITION
Nicole has been in foster care for all of her life. She needs the stability and consistency that are provided by her loving relationship with her foster family. The court finds, based on the testimony and evidence presented, that it is in her best interests to terminate the parental rights of Robert P. to this child. This finding is made after considering Nicole's sense of time, her need for a secure and permanent placement, her relationship with her foster family and the totality of the circumstances of her short life. As stated In re Alexander V.,25 Conn. App. 741, 748, 596 A.2d 930 (1992), there is no doubt that "[b]ecause of the psychological effects of prolonged termination proceedings on young children, time is of the essence. . . " Nicole is entitled to feel safe, secure and to be nurtured. Where a parent cannot provide such stability, the state in its role asparens patriae has the obligation and duty to provide for the best interests of its children. In re Juvenile Appeal Docket No.10155, 187 Conn. 431, 439 (1982), Connecticut General Statutes § 17a-101 (a). The best interests of Nicole are met by the termination of Robert P.'s rights to her. See generally,Goldstein, et al, BEYOND THE BEST INTERESTS OF THE CHILD 99,(1979), Karr-Morse and Wiley, GHOSTS FROM THE NURSERY, The Atlantic Monthly Press, New York (1997).
Based upon the foregoing findings, the court orders that a termination of parental rights enter with respect to Nicole's biological father, Robert P. The Commissioner of the Department of Children and Families is hereby appointed the statutory parent. A permanency plan for Nicole shall be submitted within ninety days. A review plan for her shall be filed in accordance with state and federal Law.
Barbara M. Quinn, Judge Child Protection Session